## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ZANDER LAMONT RICHARDSON, JR., | * | |
| #412-735, | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil No.  JKB-15-2518 |
| | * | |
| OFFICER JESSE LAMBERT[1] | * | |
| | * | |
| Defendant | * | |
| | ********* | |

## MEMORANDUM

In *Richardson v. Crites, et al.,* Civil Action No. JKB-15-2200, plaintiff Zander Lamont Richardson, Jr. ("Richardson"), a Maryland prisoner presently housed at North Branch Correctional Institution ("NBCI") in Cumberland, Maryland, filed a civil rights complaint seeking money damages for two assaults alleged to have occurred at the hands of NBCI correctional officers. He also raised an unrelated claim concerning poor conditions of confinement with regard to his cell assignment. *Id.,* ECF No. 1. By order dated July 30, 2015, the conditions of confinement claim was dismissed without prejudice and Richardson was granted an opportunity to amend his complaint to name the individuals involved in the assaults. *Id.,* ECF No. 3. In his amendment, plaintiff claimed that Officer Crites ("Crites") assaulted him on June 10, 2014, and Officer Lambert assaulted him on April 15, 2014. *Id.,* ECF No. 4 at 3.

The claim alleging the April 15, 2014 assault was opened as the instant action, and the claim against Lambert proceeded for service of process. ECF No. 4. In response, Lambert has filed a motion to dismiss or, in the alternative, motion for summary judgment (ECF No. 11), and Richardson has filed opposition responses. ECF Nos. 13-16. No hearing is needed to resolve the

---

[1] The Clerk shall amend the docket to reflect the full spelling of this defendant's name.

motion. *See* Local Rule 105.6 (D. Md. 2014). For the reasons that follow, defendant Lambert's motion, construed as a motion for summary judgment, is GRANTED.

## Standard of Review

Lambert's motion relies on materials outside the pleadings, and is construed as a motion for summary judgment, governed by Fed. R. Civ. P. 56(a). Pursuant to Rule 56, the motion must be granted if a defendant shows that there is no genuine dispute as to any material fact and he is entitled to judgment as a matter of law. In weighing a defendant's motion, this court must view the evidence in the light most favorable to the plaintiff and draw all inferences in his favor without weighing the evidence or assessing the witness credibility. *See Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002).

Because Richardson is self-represented, his submissions are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, this court has an "affirmative obligation" to prevent factually unsupported claims from proceeding to trial. *Bouchat v. Baltimore Ravens Football Club, Inc.,* 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993), and citing *Celotex Corporation v. Catrett*, 477 U.S. 317, 323–24 (1986)).

## Background

In his unverified amended complaint,[2] Richardson claims that on April 15, 2014 Lambert assaulted him "with pushes and aggression," "call[ed] a code" and falsely charged Richardson with rules violations. He also complains that video surveillance of the incident was not made available at his adjustment hearing. ECF No. 1 at p. 3.[3]

---

[2] All of Richardson's pleadings are difficult to read; his penmanship is poor and each letter is only partially transcribed.

[3] This memorandum cites to pagination referenced in the court's electronic docketing system.

Defendant Lambert presents a vastly different narrative.[4] Lambert avers that the incident, which did not involve use of force against Richardson, occurred on April 12, 2014. He further avers that after the incident, he wrote an Inmate Rule Violation, charging Richardson with assault on staff, use of threatening language, interfering with duties, and refusing a housing assignment. ECF No. 11-3, Lambert Decl. at ¶¶ 4-5.

Lambert indicates that on April 12, 2014, he removed Richardson from his cell so that it could be prepared to house a second prisoner. Richardson objected, stating he would not go back into his cell. ECF No. 11-2 at p. 11. When Lambert told him refusal would result in Richardson receiving an adjustment ticket, Richardson became argumentative and yelled "Lambert is nothing but a back stabbing bitch." *Id.* As Lambert escorted Richardson from the tier, Richardson resisted, turning towards Lambert. *Id.* Once Richardson was removed from the tier, he threatened to "head butt" Lambert in the face. *Id.* Lambert placed Richardson in a holding cell to allow him to calm down; as the holding cell door closed, Richardson turned and attempted to kick Lambert. *Id.*

No "Use of Force" report or Serious Incident Report was prepared as a result of the incident. ECF No. 11-4, ¶ 5, Beeman Decl. Nonetheless, Richardson was cited with violating institutional rules. He was found guilty of attempting to injure Lambert as well as interfering with the escort and refusing housing at an April 15, 2014 adjustment hearing. ECF No. 11-2 at p. 7. Because of his poor adjustment hearing, Richardson was sanctioned with the loss of 120 days of good conduct credits[5] and 225 days of disciplinary segregation. *Id.* He appeared at his

---

[4] Richardson alleges in his complaint that his Administrative Remedy Procedure ("ARP") grievances concerning the incident were denied and dismissed. ECF No. 1 at p. 2. The defense disputes that any grievances were filed. ECF No. 11-4 at ¶ 7. This dispute of fact is not material; the court will not address the exhaustion aspect of defendant's defense, but instead will rule on the factual allegations of the complaint.

[5] This sanction was imposed even though Richardson had no good conduct credits to revoke. ECF No. 11-2 at p. 8.

adjustment hearing but was removed due to his disruptive behavior. *Id.* at pp. 6-7. The hearing officer's recommendations were approved and the assistant warden also imposed 45 days of cell restriction concurrent to the other sanctions, as part of NBCI's Reduction in Violence Committee initiative. *Id.* at pp. 1-4.

Richardson's medical record for the week following the alleged assault indicates his only medical problem concerned a moveable cyst on his scalp. ECF No. 11-7 at pp. 2-4.

## Analysis

A.  Allegation Concerning Use of Force

Whether force used by prison officials was excessive is determined by inquiring if "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U. S. 1, 6-7 (1992). This court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. *Whitley v. Albers*, 475 U. S. 312, 321 (1986).

The absence of significant injury alone is not dispositive of a claim of excessive force, but may be a factor indicative of whether or not the force used was necessary in a particular situation. *Wilkens v. Gaddy*, 599 U.S. 34 (2010). Richardson provides no evidence, other than allegations raised in an unverified complaint, suggesting that he and Lambert had any physical contact on or near April 12, 2014. Lambert's evidence strongly suggests that Richardson was the aggressor, but neither individual suffered physical injury as a result of the incident.

B. Allegation Concerning Disciplinary Proceedings

Prisoners retain rights under the Due Process Clause, but prison disciplinary proceedings are not part of a criminal prosecution and the full array of rights due a defendant in such proceedings does not apply. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (citing *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972)). In prison disciplinary proceedings where a prisoner faces the possible loss of diminution credits, he is entitled to certain due process protections. These include: (1) advance written notice of the charges against him; (2) a written statement of the evidence relied on and the reasons for taking any disciplinary action; (3) a hearing where he is afforded the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision; (4) the opportunity to have non-attorney representation when the inmate is illiterate or the disciplinary hearing involves complex issues; and (5) an impartial decision-maker. *See Wolff*, 418 U.S. at 564-571. There is no constitutional right to confront and cross-examine witnesses or to retain and be appointed counsel. *See Baxter v. Palmigiano*, 425 U.S. 308, 322 (1976); *Brown v. Braxton*, 373 F.3d 501, 505-06 (4th Cir. 2004).

As long as the hearing officer's decision contains a written statement of the evidence relied upon, due process is satisfied. *See Baxter*, 425 U.S. at 323 n. 5. Moreover, substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." *Superintendent, Mass. Correctional Institute v. Hill*, 472 U.S. 445, 455 (1985). Federal courts do not review the correctness of a disciplinary hearing officer's findings of fact. *See Kelly v. Cooper*, 502 F. Supp. 1371, 1376 (E.D. Va. 1980). The findings will only be disturbed when unsupported by any evidence, or when wholly arbitrary and capricious, *see Hill*, 472 U.S. at 456; *see also Baker v. Lyles*, 904 F.2d 925, 933 (4th Cir. 1990), and the allegation that the outcome of

a disciplinary hearing was based on false testimony is not material to this determination. *See Kelly v. Cooper,* 502 F.Supp. 1371, 1376 (E.D. Va. 1980). As long as there is some evidence in the record to support a disciplinary committee's factual findings, a federal court will not review their accuracy. Clearly, such evidence was available and was presented with regard to the adjustment proceeding involving this incident.[6]

Accordingly, a separate order shall be entered granting defendant Lambert's motion for summary judgment and closing this case.


April 26, 2016                                              /s/
(Date)                                                            James K. Bredar
                                                                         United States District Judge

---

[6] Correctional Officer Scott Beeman avers that no video exists with regard to the incident. ECF No. 11-4 at ¶ 6, Beeman Decl.